WILLIAM O. CLOYD

v.

CHARLES F. STEIGER et al.

*Filed at Springfield November 2, 1891.*

1. CONTRACT OF SALE—*duty of vendor—care of chattels until deliv-ered.* Where the owner of steers sells the same, to be taken at any time after a day named, and agrees with the purchaser to feed them on corn until a month later than the day named after which they might be taken, while the seller is not bound to keep the cattle longer than the time fixed for feeding them corn, yet if he does keep them after that date, willingly or unwillingly, it will be his duty to treat them with such care as reasonably careful men under like circumstances would treat their own cattle, and for neglect of such duty he will be liable in damages to the purchaser. If ordinary care requires the feeding of the cattle on corn, that should be done.

2. SAME—*bailment—as between vendor and purchaser.* Where a party sells cattle to be taken at any time after the 15th day of June, and agrees to feed them on corn until the 15th of July, following, he will, if he still retains possession of the cattle after the latter date, hold them not merely as a gratuitous bailee for the purchaser, but also for his own benefit, so that he may perform his contract to deliver, and the law will require that he exercise ordinary care and diligence in keeping and caring for them, and the purchaser, when sued for a loss on a re-sale, may recoup any damages he may sustain from the want of such care.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of San-gamon county; the Hon. JAMES A. CREIGHTON, Judge, pre-siding.

Messrs. PALMER & SHUTT, for the appellant:

After July 15 elapsed, nothing remained for the plaintiff to do except to weigh and deliver the steers to the defendant. The obligation to feed them was limited to July 15. The appellees can not, by a breach of the contract to accept and pay for the steers on that day, impose a care and responsi-bility upon the appellant.

If there was any duty to feed the steers after July 15, it did not grow out of the contract of sale, but was collateral, and hence damages for a breach of such duty could not be recovered without a plea of set-off.

The seller is to keep the thing sold until the time of delivery, with ordinary care, and is liable for the want of that care, but if he does so keep it, he is not liable for its loss. 1 Parsons on Contracts, (6th ed.) 532.

Messrs. PATTON & HAMILTON, for the appellees:

The vendor of the cattle was liable for the want of ordinary care on his part, as bailee. *Barrow* v. *Window*, 71 Ill. 214; *Race* v. *Hansen*, 12 Ill. App. 605; Story on Bailments, secs. 11, 23.

The bailment being established, the burden of showing he exercised such care as was required by the nature of the bailment rests upon appellant. *Bennett* v. *O'Brien*, 37 Ill. 250; *Cumins* v. *Wood*, 44 id. 416; *Funkhouser* v. *Wagner*, 62 id. 59; *Baren* v. *Cain*, 15 Ill. App. 387.

The fact that appellees knew, and may have acquiesced in, the kind and degree of care exercised by appellant, did not excuse the latter for failure to exercise a proper degree of care. *Conway Bank* v. *Express Co.* 8 Allen, 512.

Other circumstances besides the nature of the bailment affect the degree of diligence required of a bailee. The nature of the article bailed, and other facts surrounding the bailment, may also be important factors in determining the degree of care required of him. 2 Am. and Eng. Ency of Law, 55; Story on Bailments, secs. 182, 186.

Appellees had the right to recoup the damages sustained by them. *Stow* v. *Yarwood*, 14 Ill. 424; *Scott* v. *Kenton*, 81 id. 96; *Pepper* v. *Rowley*, 73 id. 262; *Streeter* v. *Streeter*, 43 id. 155; *Cooke* v. *Preble*, 80 id. 381; *Higgins* v. *Lee*, 16 id. 495; *Babcock* v. *Trice*, 18 id. 420; *Crabtree* v. *Kile*, 21 id. 181; *Mears* v. *Nichols*, 41 id. 207; *Tully* v. *Iron Works*, 115 id. 544.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was an action of assumpsit, in the circuit court of Sangamon county, on the following contract:

"SPRINGFIELD, ILL., *March 29, 1887.*

"I have this day sold to Charles F. Steiger & Bro. one hundred and fifty steers, at 4½ cents per pound, to be weighed in Chatham, Ill., fifty of the steers to be taken any time after May 20, and one hundred steers to be taken any time after June 15, 1887, and the cattle to be fed on corn until July 15, 1887.      (Signed,)      W. O. CLOYD.

"Accept the above.      CHAS. F. STEIGER & BRO."

One hundred and five steers mentioned in the contract were taken by the defendants, Steiger & Bro., and paid for at the contract price. The remaining forty-five continued in the plaintiff's possession until October 17, 1887, when he sold them, and by this action seeks to recover the difference between the amount realized on the sale and the contract price. The defendants claimed the steers were greatly deteriorated in value through the failure of plaintiff to feed them corn after July 15, and they set up the damages thus claimed, in defense to plaintiff's action. On a trial by jury, plaintiff had a verdict for one dollar, which he moved the court to set aside and grant him a new trial, but the motion was overruled and judgment entered on the verdict. He appealed to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed, and he now appeals to this court.

The only question discussed here which we can consider, arises on the following instruction given to the jury at the instance of defendants below:

"4. The court further instructs the jury, that if you believe, from the evidence, that the plaintiff fed the cattle on corn up to the 15th day of July, 1887, in pursuance of the contract in evidence, and that a portion of the cattle mentioned in said

contract remained in his possession after the said 15th day of July, then it was the duty of the plaintiff, so long as he continued to retain such possession of said cattle, to take such care of them as a reasonably prudent man would take of his own cattle under all the circumstances shown by the evidence; and if you further believe, from the evidence, that under all the circumstances shown by the evidence a reasonably prudent man would have continued to feed them on corn after said date, and if you further so believe that the plaintiff, after said date, retained possession of said cattle and failed to feed them on corn, and that the cattle depreciated in value because they were not so fed, and that defendants were damaged thereby, then the defendants are entitled to have such damages, if any, allowed, and if such damages amount to as much as or more than the plaintiff's demand, then you should find for defendants."

The case was tried in the circuit court on both sides, on the theory that upon the execution of the contract in suit the property in the steers therein mentioned passed immediately to the purchasers. The trial court so expressly instructed the jury at the instance of the plaintiff. The relation of the plaintiff to the property was therefore, after the execution of the contract, that of bailee. While this is conceded in the argument, it is contended that the foregoing instruction imposed upon him a higher degree of care than he was by the law of bailments required to bestow upon the cattle after July 15.

Appellant's relation to the cattle was that of a bailee for hire, charged with the exercise of ordinary care, so long as he retained them in his possession,—in other words, that after July 15 he continued to hold them, not merely as a gratuitous bailee, for the benefit of the purchasers, but also for his own benefit, so that he might perform his contract to deliver. (*Barrow et al.* v. *Windon et al.* 71 Ill. 220.) When a bailment is for the benefit of both bailor and bailee, the latter must exercise ordinary care and diligence in keeping and caring for

the thing bailed. Appellant recognized that rule as applicable to this case by his eleventh instruction to the jury, in which they were told that he was "bound by law, after the 15th day of July, to give to the cattle that remained in his possession, such degree of care as men of ordinary prudence and judgment give their own cattle under like circumstances," but added, "still the law does not require that plaintiff should feed the cattle in his possession with corn," to which the court further added, "unless you believe, from the evidence, that a reasonably prudent man, under all the circumstances shown by the evidence, would have fed his own cattle with corn," thus making the instruction harmonize with that given on behalf of defendants. What is said as to "feeding corn" might well have been omitted from both instructions, the material question being, did the plaintiff exercise ordinary care over the cattle by properly feeding them; but under the admitted facts no injury could have resulted therefrom to appellant. To hold the appellant to the exercise of ordinary care and diligence over the property imposes no hardship upon him, and produces an equitable and just result. He was not bound to keep the steers longer than the 15th of July, but if he did so, willingly or unwillingly, it was his duty to appellees to treat them with such care and diligence as reasonably careful men under like circumstances would have treated them, so that when he did offer to deliver them, and demand that they should be accepted, they would not be damaged or rendered worthless for want of such care.

We find no reversible errors of law in this record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*